UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-658-RJC
(3:11-cr-309-RJC-1)

| | | |
|---|---|---|
| BRYAN COATS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255.[1] (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.     BACKGROUND**

Petitioner pled guilty, pursuant to a written plea agreement, to investment fraud conspiracy, in violation of 18 U.S.C. § 371, and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). See (Crim. Case No. 3:11-cr-309-RJC-1, Doc. No. 35: Amended Judgment). This Court subsequently sentenced Petitioner to a total of 162 months in prison. (Id.).

On June 21, 2016, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Id., Doc. No. 37). On November 15, 2016, this Court denied and dismissed the motion to vacate

---

[1] Petitioner has labeled his action as "Petitioner's Motion Requesting Plain Error Review," but it is in substance a motion to vacate, set aside, or correct sentence. See Raines v. United States, 423 F.2d 526, 528 (4th Cir. 1970) ("[I]t is the substance of the motion, not the label or name assigned to it by a pro se petitioner, that determines whether a court views a motion as arising under § 2255.").

1

with prejudice as time-barred. (Id., Doc. No. 39). Petitioner filed the instant action on November 7, 2017, bringing numerous claims, including ineffective assistance of counsel and that his plea was involuntary.

**II.     STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

Petitioner filed the instant motion to vacate on November 7, 2017, seeking to have this Court vacate his sentence. Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate. Thus, this is a successive petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not shown that he has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed.[2] See Burton v. Stewart, 549 U.S. 147,

---

[2] The petition also appears to be time-barred under Section 2255(f)(1).

153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 19, 2017

Robert J. Conrad, Jr.
United States District Judge