IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CR-00309-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRYAN COATS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon a motion by the defendant pro se, to modify or vacate restitution, (Doc. No. 51), and the government's response in opposition, (Doc. No. 53). For the reasons stated below, the Court will deny the motion.

I. BACKGROUND

The defendant was charged by Bill of Information with investment fraud conspiracy (Count One) and money laundering conspiracy (Count Two) for conduct occurring in 2007 through 2009. (Doc. No. 11). On June 19, 2012, he entered a Plea Agreement to both counts with a stipulated loss amount between $20,000,000 and $50,000,000. (Doc. No. 12 at 2). He agreed to pay "full restitution" and that the monetary penalties would be submitted to the Treasury Offset Program. (Id. at 3). He waived his right to contest his conviction and sentence on appeal or post-conviction action, except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 5). After a hearing under Federal Rule of Criminal Procedure 11, a magistrate judge found the plea was knowingly and voluntarily entered. (Doc. No. 14: Acceptance and Entry of Guilty Plea).

At the sentencing hearing on November 16, 2012, the Court granted the parties' request to defer the determination of restitution for 90 days pursuant to 18 U.S.C. § 3664(d)(5). (Doc. No. 36: Sent. Hr'g Tr. at 21; Doc. No. 26: Judgment at 4). The parties timely filed a Joint Motion to Accept Proposed Restitution Amount, agreeing to $30,220,078.35 in a final judgment. (Doc. No. 29). The Court granted the motion, (Doc. No. 32: Order), and entered an Amended Judgment in August 2013 imposing that amount of restitution, (Doc. No. 35).

The defendant did not file an appeal, but years later filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, alleging ineffective assistance regarding his money laundering conviction. (Doc. No. 37). The Court dismissed the motion as untimely in November 2016. (Doc. No. 39). The United States Court of Appeals for the Fourth Circuit dismissed his appeal of that decision. (Doc. No. 42: Opinion). In October 2017, the defendant filed another motion "requesting plain error review" and challenging his guilty plea and counsel's performance. (Doc. No. 44). The Court dismissed the motion as an unauthorized, successive § 2255 petition, (Doc. No. 45: Order), and the Fourth Circuit dismissed his appeal of that decision, (Doc. No. 48: Opinion).

The defendant is now on supervised release and filed the instant motion in October 2023 attacking the restitution Order. (Doc. No. 51). With the filing of the government's response in opposition, (Doc. No. 53), this matter is ripe for disposition.

2

Case 3:11-cr-00309-RJC   Document 54   Filed 11/14/23   Page 2 of 5

II. DISCUSSION

A. Vacatur

The defendant invokes the All Writs Act, 28 U.S.C. § 1651, and claims the restitution amount is inaccurate and unreasonable because the Court failed to make required factual findings at the sentencing hearing and altered the original judgment improperly, (Doc. No. 51: Motion at 4, 10). A writ of error coram nobis under 28 U.S.C. § 1651(a) only may be issued where an error of the most fundamental character compels such action to achieve justice and where no alternative remedy is available. United States v. Morgan, 346 U.S. 502, 511-12 (1954); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988).

Here, the defendant has not shown any error of fundamental character. The defendant agreed to pay full restitution, (Doc. No. 3: Plea Agreement at 2), and jointly requested an extension of 90 days from the sentencing hearing to determine the amount consistent with 18 U.S.C. § 3664(d)(5), (Doc. No. 36: Sent. Hr'g Tr. at 21). The parties timely moved for entry of a final judgment totaling of $30,220,078.35, (Doc. No. 29: Motion), which the Court found was supported by a preponderance of the evidence as required by 18 U.S.C. § 3663A, (Doc. No. 32: Order). There was no error in entering an Amended Judgment more than 90 days after the sentencing hearing. Dolan v. United States, 560 U.S. 605, 608 (2010); United States v. Curry, No. 21-4457, -4713, 2023 WL 5842300, *5 (4th Cir. Sept. 11, 2023). The government rightly notes that the defendant agreed to the debt-collection program which offset restitution payments against his military

3

retirement payments. (Doc. No. 53: Response at 6-9). His alleged inability to pay does not affect the Court's ordering restitution in the full amount of victims' losses. 18 U.S.C. § 3664(f)(1)(A). The defendant did not avail himself of the opportunity to seek review of the final judgment on appeal or timely post-conviction attack. Accordingly, the All Writs Act does not now provide a basis to vacate the restitution Order.

B.  Modification

The defendant asserts that his declining health problems and other circumstances render him unable to pay restitution. (Doc. No. 51: Motion at 1). He is considering retirement to take care of his wife and because of the pain he experiences from injuries sustained during his military career. (Id. at 13). He further states that Dupuytren Contracture disease no longer allows him to work with his hands. (Id.).

The payment schedule of a restitution sentence can be adjusted where a defendant demonstrates a material change in circumstances affecting his ability to pay restitution and the interests of justice require. 18 U.S.C. §§ 3664(k), (o)(1)(D). Here, the Court assessed the defendant's ability to pay and ordered payment to begin immediately, but did not impose an installment schedule. (Doc. No. 35: Amended Judgment at 6). Accordingly, there is nothing to adjust based on the defendant's alleged circumstances.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 51), is **DENIED**.

4

The Clerk is directed to certify copies of this Order to the defendant and the United States Attorney.

Signed: November 13, 2023

_____
Robert J. Conrad, Jr.
United States District Judge